UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 24 A 9: 1︰

U.S. DISTRICT COURT
HARTFORD, CT.

STUART DESSO,

    Plaintiff,

V.                             CASE NO. 3:00CV1843 (RNC)

ROBERT CORNELL,
DENISE LAMONTAGNE and the
TOWN OF CROMWELL,

    Defendants.

### SUPPLEMENTAL RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' supplemental memorandum [doc. 51] draws the court's attention to plaintiff's deposition testimony that he was not handcuffed during the half hour Detective Cornell questioned him on the unrelated investigation. See Defs.' Ex. K p. 51. The question is thus whether the custodial interrogation without the handcuffs increased the intrusiveness of the arrest and detention to the point where it became unreasonable under the Fourth Amendment.[1]

The reasonableness requirement of the Fourth Amendment ensures not only "reasonableness in the manner and scope of searches and seizures that are carried out," but also assesses "the degree to which those actions further the legitimate law enforcement purposes behind the search or seizure." Lauro v. Charles, 219 F.3d 202, 211 (2d Cir. 2000); accord Caldarola v.

---

[1] The Supreme Court recently rejected a claim that unwanted police questioning in itself violates the Fifth Amendment and substantive due process. See Chavez v. Martinez, 538 U.S. 760 (2003).

<u>County of Westchester</u>, 2003 WL 22080012, at *5 (2d Cir. Sept. 9, 2003). Defendants have not articulated a justification for prolonging plaintiff's lawful detention beyond the time when he otherwise would have been released in order to question him concerning the unrelated investigation. In the absence of any such justification, a jury could find that Cornell's conduct violated the Fourth Amendment.

Detective Cornell is entitled to qualified immunity, however, because there was no case law clearly establishing that the Fourth Amendment prohibited his conduct.

Accordingly, Cornell's motion for summary judgment is hereby granted. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 23rd day of December 2003.



                                                Robert N. Chatigny
                                                United States District Judge